J-S37033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PAUL JOHN KASPER, JR., | : | |
| | : | |
| Appellant | : | No. 2042 MDA 2016 |

Appeal from the PCRA Order entered November 30, 2016
in the Court of Common Pleas of Adams County,
Criminal Division, No(s): CP-01-CR-0000462-2010;
CP-01-CR-0000969-2010

BEFORE:  STABILE, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED JUNE 16, 2017**

Paul John Kasper, Jr. ("Kasper"), appeals from the Order denying his first Amended Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Additionally, Kasper's court-appointed PCRA counsel, Thomas R. Nell, Esquire ("Attorney Nell"), has filed a Petition to Withdraw from representation.  We grant Attorney Nell's Petition, and affirm the PCRA court's Order.

In June 2011, a jury found Kasper guilty of various sexual offenses, stemming from his repeated sexual assaults of a fourteen-year-old girl.  On September 29, 2011, the trial court sentenced Kasper to serve an aggregate

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

prison term of 15-30 years.[2]  In August 2012, this Court affirmed the judgment of sentence.  *See Commonwealth v. Kasp*[*e*]*r*, 53 A.3d 939 (Pa. Super. 2012) (unpublished memorandum).  Kasper did not seek allowance of appeal with the Supreme Court of Pennsylvania.

Kasper filed a *pro se* PCRA Petition on October 19, 2015, challenging the legality of his mandatory minimum sentence in light of the decision of the United States Supreme Court in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[3]  Following a procedural history that is not relevant to this appeal, Kasper filed the instant first Amended PCRA Petition, through Attorney Nell, on July 22, 2016.[4]  On October 20, 2016, the PCRA court conducted a pre-hearing conference concerning Kasper's PCRA Petition.  On

---

[2] In imposing Kasper's sentence, the trial court applied the mandatory minimum sentencing provision at 42 Pa.C.S.A. § 9718 ("sentences for offenses against infant persons").  Section 9718 provides, *inter alia*, that its provisions "shall not be an element of the crime," and that the applicability "shall be determined at sentencing," with factual matters being resolved by the sentencing court "by a preponderance of the evidence."  *Id.* § 9718(c).

[3] In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt.  *Alleyne*, 133 S. Ct. at 2155.  The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury.  *Id.* at 2156.  Accordingly, *Alleyne* rendered unconstitutional various Pennsylvania sentencing statutes, including 42 Pa.C.S.A. § 9718, that allow a judge to increase a defendant's sentence based on a preponderance of the evidence standard.  *See Commonwealth v. Wolfe*, 106 A.3d 800, 806 (Pa. Super. 2014) (ruling that *Alleyne* rendered section 9718 unconstitutional in its entirety).

[4] Though the Amended PCRA Petition is docketed on the PCRA court's docket, it is not contained within the certified record.

October 31, 2016, the PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition without an evidentiary hearing (hereinafter, the "Notice to Dismiss"),[5] which included a thorough explanation of the court's reasons for determining that Kasper was not entitled to collateral relief.  By an Order entered on November 30, 2016, the PCRA court denied Kasper's PCRA Petition.

Kasper, through Attorney Nell, timely filed a Notice of Appeal.  In response, the PCRA court ordered Kasper to file a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.  Attorney Nell timely filed a Concise Statement on Kasper's behalf, presenting the following issue:

> Did the PCRA court err[] in denying Kasper's PCRA claim, when Kasper filed a PCRA [P]etition after finding out that the Supreme Court in *Alleyne v. U.S.*, had stated that mandatory minimum sentences may be unconstitutional, where Kasper had not received notice [that] his [direct] appeal to the Superior Court had been denied, and filed his PCRA [P]etition after finding out that he may have redress due to being sentenced by a judge pursuant to [a] mandatory [minimum] sentencing [statute]?

Rule 1925(b) Concise Statement, 1/5/17, at 1.  Thereafter, the PCRA court issued a Pa.R.A.P. 1925(a) Opinion, relying upon the reasoning advanced in

---

[5] The PCRA court explained in the Notice to Dismiss that "[i]n his [A]mended PCRA [P]etition, [Kasper] alleges that (1) ineffective assistance of counsel so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place[;] and [] (2) a constitutional violation which would require the granting of federal *habeas corpus* relief to a state prisoner occurred."  Notice to Dismiss, 10/31/16, at 2.

the Notice to Dismiss. Attorney Nell then filed a ***Turner***/***Finley***[6] no-merit letter, and a separate Petition to Withdraw as counsel. Kasper did not file a *pro se* response or retain private counsel.

Prior to addressing Kasper's claims on appeal, we must address Attorney Nell's Petition to Withdraw as counsel. Pursuant to ***Turner***/***Finley***, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. ***See Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). In ***Pitts***, our Supreme Court explained that such independent review requires proof of

1. A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3. The PCRA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PCRA court conducting its own independent review of the record; and

5. The PCRA court agreeing with counsel that the petition was meritless.

***Id.*** (citation and brackets omitted). Further, our Court has held that the Supreme Court in ***Pitts*** did not expressly overrule the additional requirement imposed by this Court in ***Commonwealth v. Friend***, 896 A.2d 607, 615 (Pa. Super. 2006), stating that

---

[6] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> PCRA counsel seeking to withdraw [must] contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, in the *Turner*/*Finley* no-merit letter, Attorney Nell described the extent of his review, identified the issue that Kasper sought to raise, and briefly explained why the issue lacks merit. In addition, Attorney Nell provided Kasper with notice of counsel's intention to seek permission to withdraw from representation, a copy of the no-merit letter and Petition to Withdraw, and advised Kasper of his rights *in lieu* of representation. Thus, we conclude that Attorney Nell has substantially complied with the requirements necessary to withdraw as counsel. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the *Turner*/*Finley* criteria). We now independently review Kasper's claims to ascertain whether they entitle him to relief.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The scope of review is limited to the findings of the PCRA court

- 5 -

and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.* (citation omitted).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Kasper's judgment of sentence became final on August 3, 2012. Accordingly, his instant PCRA Petition is facially untimely.[7] However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b); *Albrecht*, 994 A.2d at 1094.

---

[7] Both Kasper's October 19, 2015 *pro se* PCRA Petition, and the first Amended PCRA Petition, are facially untimely.

Attorney Nell states in the no-merit letter that Kasper wishes to challenge the legality of his mandatory minimum sentence under **Alleyne** and its progeny. **See** No-Merit letter at 1, 3.[8]

Here, presuming that Kasper had invoked **Alleyne** under the newly-recognized constitutional right timeliness exception (at 42 Pa.C.S.A. § 9545(b)(1)(iii)), he is not entitled to relief. Initially, Kasper filed his October 19, 2015 *pro se* PCRA Petition well over sixty days after June 17, 2013, the date that **Alleyne** was decided. **See** 42 Pa.C.S.A. § 9545(b)(2) (providing that any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."); **see also Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Further, the rule established in **Alleyne** does not apply retroactively where, as here, the judgment of sentence is final. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) (holding that "**Alleyne** does not apply retroactively to cases pending on collateral review."); **see also Miller**, 102 A.3d at 995 (stating that while **Alleyne** claims go to the legality of the sentence, a court cannot review a legality claim where it does not

---

[8] Attorney Nell does not set forth in the brief no-merit letter a distinct argument section, or statement of questions involved section, related to the issues for appeal that Kasper preserved in his Rule 1925(b) Concise Statement.

have jurisdiction). Accordingly, **Alleyne** is unavailing to Kasper, and the PCRA court properly denied Kasper's first Amended PCRA Petition, as the court lacked jurisdiction to address it.[9]

Moreover, our independent review of the record has revealed no meritorious claims that Kasper could have raised on appeal, and we agree with Attorney Nell that this appeal lacks merit. Accordingly, we affirm the PCRA court's Order denying Kasper's first Amended PCRA Petition and grant Attorney Nell's Petition to Withdraw.

Order affirmed. Petition to Withdraw granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2017

---

[9] To the extent that Kasper alleged in his PCRA Petition a claim of trial counsel's ineffectiveness, it is well established that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (citing **Commonwealth v. Lark**, 746 A.2d 585, 589-90 (Pa. 2000) (stating that couching an argument in terms of ineffectiveness cannot save a petition that does not fall into an exception to the jurisdictional time bar)); **see also** Notice to Dismiss, 10/31/16, at 4-8 (addressing and rejecting Kasper's challenge to trial counsel's effectiveness).